**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LAURA MATA-GARZA, AS REPRESENTATIVE OF THE ESTATE OF ADAN MATA and VIRGINIA ACOSTA-GONZALEZ, AS NEXT FRIEND OF A.G.M.A | § | |
| Plaintiffs, | § | |
| v. | § | **Civil Action No.** 4:26-cv-7439 |
| UNION PACIFIC RAILROAD COMPANY, MANUEL N. LUJAN and LORENA LUJAN | § | |
| Defendants. | § | |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S NOTICE OF REMOVAL**

**COMES NOW** Defendant, Union Pacific Railroad Company, ("Defendant" or "Union Pacific") by and through its counsel, and files this Notice of Removal pursuant to 28 U.S.C. §§1441 and 1446 with full reservation of any and all defenses and objections. Defendant would show as follows:

FACTUAL AND PROCEDURAL POSTURE

1. Plaintiffs filed suit in this matter on December 24, 2024.
2. In their Petition, Plaintiffs alleged that Union Pacific and Manuel and Lorena Lujan ("the Lujans") were negligent with respect to causing a railroad crossing accident that occurred on May 5, 2023, in Barstow, Texas, when Adan Mata, deceased, drove a tractor trailer in front of an oncoming locomotive despite numerous warning signs approaching the crossing and emanating from the locomotive itself.

3. The Lujans own property adjacent to the crossing at issue.

4. With respect to the Lujans, Plaintiffs alleged:

The Lujans' negligent and grossly negligent acts and omissions include:

- Failure to adequately address visual obstructions and impairments on the land and the roads leading to the Crossing that make it likely an approaching driver would not appropriately perceive the danger of the Crossing;

4

- Failing to adequately warn about the presence of oncoming trains in a manner in which approaching motor vehicle traffic would appropriately perceive the danger of the Crossing;
- Failing to maintain appropriate signage on the land and roads leading to the Crossing;
- Failing to adequately maintain their land and premises;
- Failure to maintain a safe environment for invitees on their premises and/or prevent an unsafe environment for invitees on their premises;
- Failure to inspect premises and ensure protection from latent defects;
- Failure to adequately resolve dangerous conditions on the premises;
- Failure to have adequate safety policies in place;
- Failure to communicate and warn of hazardous conditions on the premises;
- Failing to comply with and/or ensure compliance with state obligations and/or franchise agreements and/or regulations and/or related obligations that imposed a duty to provide for the safety of others;
- Failing to comply with state laws and/or obligations and/or duties voluntarily assumed;
- Other acts and omissions deemed negligent.

5. Union Pacific filed its Answer to the Petition on January 29, 2025.

6. On May 5, 2025, the Lujans filed their Answer to the Petition.

7. On September 25, 2025, Plaintiffs issued discovery to Union Pacific—but not to the Lujans.
8. On December 18, 2025, Plaintiffs finally served discovery on the Lujans—six days prior to a year elapsing from when they filed suit,—and over seven months from when the Lujans filed their Answer—thereby ensuring responses to discovery would not be due until a year elapsed from the date on which suit was filed, thus preventing Union Pacific from removing this matter to federal court within one year.
9. Plaintiffs never sought to depose the Lujans.
10. After participating in the depositions of Plaintiffs and two members of UP's train crews, the Lujans moved for summary judgment on all of Plaintiffs' claims on May 27, 2026, on the grounds that there was no evidence the that the Lujans owned, operated, maintained, the road leading to the crossing at issue and that there were no obstructions on their property adjacent to the same.
11. Plaintiffs filed their response to the motion for summary judgment on June 17, 2026. In it, Plaintiffs acknowledge that they have no evidence of the same, effectively rendering the Lujans motion for summary judgment unopposed.
12. On August 2, 2026, the Court denied the Lujan's motion for summary judgment.
13. Defendant Lujans moved for reconsideration of the Motion for Summary Judgment given that it was unopposed.
14. On September 2, the Court held a hearing on the motion for reconsideration during which time it stated that it would not be granting summary judgment because if the motion for summary judgment was unopposed, then the proper vehicle for the dismissal of the Lujans was for Plaintiffs to nonsuit them.

15. Plaintiffs have yet to nonsuit the Lujans despite the fact that their response to the Motion for Summary Judgment acknowledged there was no evidence to support a finding of liability against them.

***

16. There can be no genuine dispute that this accident occurred in far West Texas and that that there was no condition on or about the Lujans property that could have possibly caused or contributed to the accident at issue here given the topography of the area.
17. Nevertheless, Plaintiffs still filed suit against the Lujans despite there being no evidence that they bore any responsibility for causing or contributing to this accident. And given the nature of the crossing at issue here, there was never any prospect that any evidence of the Lujans' fault would develop.
18. Plaintiffs did not serve the Lujans with discovery requests until one week prior to a year elapsing from the date they filed suit, despite the fact that the Lujans filed their Answer seven months prior.
19. Plaintiffs never attempted to develop any evidence that the Lujans were liable in this matter.
20. When the Lujans filed their motion for summary judgment before the close of discovery, Plaintiffs did not respond telling the Court they still needed to secure some piece of additional evidence or depose the Lujans themselves in order to withstand summary judgment. Instead, they simply filed a three-page response acknowledging that there is no evidence, thereby tacitly acknowledging they are not opposed to the motion, but instead of voluntarily dismissing the Lujans when this became apparent (which would have permitted Union Pacific to remove this matter to federal court sooner), they refused to do so under the expectation that the Court would grant the motion for summary judgment, presumably

so that they could later seek a remand to state court by claiming the Lujans were involuntarily dismissed from the suit, despite the fact that they did not substantively oppose the motion for summary judgment.

21. In sum, the Lujans were sued in bad faith and solely for the purpose of preventing Union Pacific from removing this matter to federal court, and their continued presence in this suit is the result of that same bad-faith failure to file a nonsuit.

22. Defendant Union Pacific now files this notice of removal on the basis that the Lujans were fraudulently and improperly joined based on Plaintiffs' response to the Lujans motion for summary judgment.

DIVERSITY JURISDICTION

23. Plaintiff Laura Mata-Garza is a resident of Texas. (Plaintiffs' Pet. at 2).

24. Plaintiff Virginia Acosta-Gonzalez is a resident of Colorado. (Plaintiffs' Pet. at 2).

25. Defendant Union Pacific Railroad Company is incorporated in Utah and has its principal place of business in Omaha, Nebraska.

26. Defendant Lujans are residents of Texas, however, by Plaintiffs' own admission, there is no evidence to support a finding of liability and they are therefore improperly joined and should be dismissed from this action. (See Plaintiffs' Response to Lujans' Motion for Summary Judgment).

27. The accident at issue in this case that occurred on May 5, 2023, took place in Barstow, Texas, and resulted in the aforementioned litigation in the District Court of Harris County, Texas. The District Court of Harris County, Texas, is located within the district of the United States District Court for the Southern District of Texas.

28. According to Plaintiffs' Petition, they are seeking damages in excess of one million dollars.
29. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) since the amount in controversy exceeds $75,000 and there is complete jurisdiction between the parties when the fraudulently/ improperly joined defendant is not considered.
30. Removal is timely pursuant to 28 U.S.C. §1446(c) because Plaintiff acted in bad faith in order to prevent Union Pacific from removing this matter to federal court by fraudulently and improperly joining non-diverse defendants and then refusing to nonsuit them once it became apparent there was no basis for liability.
31. Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon the removing Defendant, which papers include the Petition, is attached hereto as Exhibit A.

WHEREFORE, removing Defendant Union Pacific hereby respectfully gives notice that the above action, now pending in the District Court for Harris County, Texas, is removed to the United States District Court for the Southern District of Texas.

Respectfully submitted,

*/s/ T. Andrew Todd*

T. Andrew Todd
REIFERS LAW GROUP, PLLC
80 Monroe Ave. Suite 410
Memphis, TN 38103
Telephone: (901) 521-2860
Facsimile: (901) 509-4728
Email: atodd@reiferslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2026, the foregoing document was served on council for Plaintiffs via the Court's electronic CM/ECF system which will send notification of such filing to all counsel of record.

John D. Sheppard
Taylor R. Gamboa
5151 San Felipe, Suite 100
Houston, TX 77056
jsheppard@morrowsheppard.com
tgamboa@morrowsheppard.com
msfiling@morrowsheppard.com

/s/ *T. Andrew Todd*
T. Andrew Todd