United States District Court
Southern District of Texas
**ENTERED**
October 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| LAURA MATA-GARZA, AS REPRESENTATIVE OF THE ESTATE OF ADAN MATA, ET AL., | § | |
| *Plaintiffs*, | § | |
| vs. | § | Case No. 4:26-cv-7439 |
| UNION PACIFIC RAILROAD COMPANY, ET AL., | § | |
| *Defendants*. | § | |

# ORDER

This is a wrongful death case. On October 14, 2026, the Court held an initial conference. On inquiry from the Court, counsel discussed subject matter jurisdiction. After their discussion, the Court asked counsel to file a letter-motion citing case authority supporting the exercise of jurisdiction. The parties filed a joint letter motion asserting the Court may exercise diversity jurisdiction over this case. ECF No. 18.

Although the parties agree that the Court has diversity jurisdiction over this case, the Court has "an affirmative duty to examine *sua sponte* the basis for subject matter jurisdiction." *Benton v. Tex. Dep't of Criminal Justice*, No. 4:24-CV-0112, 2024 WL 3237543, at *1 (S.D. Tex. May 23, 2024), *adopted*, No. 4:24-CV-00112, 2024 WL 3246071 (S.D. Tex. June 26, 2024) (citing *Union Planters Bank Nat. Assn.*

*v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). Finding that the Lujans were improperly joined in this matter and therefore their citizenship should be disregarded, the Court finds that it may exercise diversity jurisdiction and grants the parties' letter motion. ECF No. 18.

## I. BACKGROUND

Decedent was tragically struck and killed by an oncoming train at a railroad crossing. ECF No. 1-1 at 11. Plaintiffs,[1] who are relatives of Decedent, filed suit in state court on December 24, 2024, against Defendant Union Pacific[2] and the Lujans. ECF No. 1-1 at 10. Plaintiffs alleged that the Lujans, who are Texas citizens, owned the property on which the railroad crossing was located or they owned the property that was adjacent to the railroad crossing. ECF No. 1-1 at 11. Plaintiffs filed negligence, gross negligence, and premises liability claims against the Lujans for their failure to adequately warn of oncoming trains, maintain signage on their land, maintain a safe environment, inspect their premises, and resolve dangerous conditions, among other alleged breaches. ECF No. 1-1 at 13-14.

The Lujans moved for summary judgment, asserting that that they do not own, operate, or control the area where Decedent was killed, and therefore, they did not owe any duty to Decedent. ECF No. 1-1 at 43–51. Even if their property was adjacent

---

[1] Plaintiffs are citizens of Texas and Colorado. ECF No. 1 at 5.

[2] Union Pacific is a citizen of Utah and Nebraska. ECF No. 1 at 5.

to where Decedent was killed, the Lujans asserted there is no duty under Texas law to prevent accidents on adjacent property that a person neither owns nor occupies. ECF No. 1-1 at 48–49. Attached to their motion for summary judgment, the Lujans provided the crash report providing the location of the incident, ECF No. 1-1 at 53–56, photographs of the area, ECF No. 1-1 at 57 – 79, 82, maps of the area, ECF No. 1-1 at 80–81, 83–84, deposition transcript excerpts from the locomotive engineer Russell Faulkner about the location of the incident, 85 – 95, and an affidavit from Manuel Lujan that confirms he and his wife did not own the site of the incident, ECF No. 1-1 at 96–97. Plaintiffs responded to the motion for summary judgment and asserted "[f]ollowing discovery and based on the current record, Plaintiffs do not have evidence to dispute the Lujans' showing that they did not own, operate, maintain, or control the path, the railroad crossing, the railroad tracks, the railroad warning devices, or any of the conditions that contributed to the incident." ECF No. 1-1 at 100. Plaintiffs attached discovery responses from Defendants that confirmed this assertion. ECF No. 1-1 at 101–41.

The state court initially denied the motion for summary judgment without providing any reasoning, but upon reconsideration, set the motion for hearing on September 2, 2026. ECF No. 1-1 at 154. Union Pacific represented that, at the hearing, the state court "stated that it would not be granting summary judgment

because if the motion for summary judgment was unopposed, then the proper vehicle for the dismissal of the Lujans was for Plaintiffs to nonsuit them." ECF No. 1 at 3.

Two days later on September 4, 2026, Defendant Union Pacific removed this case to federal court based on diversity jurisdiction, relying on the improper joinder doctrine. ECF No. 1. Defendant contended that the Lujans were improperly joined, so their Texas citizenship should be disregarded, thereby giving the Court the authority to exercise diversity jurisdiction over this matter. ECF No. 1. Plaintiffs did not move to remand, and instead, agree the Court has jurisdiction, but deny fraudulently joining the Lujans to the lawsuit. ECF No. 18.[3] On October 14, 2026, Plaintiffs moved to dismiss the Lujans, ECF No. 15, which the Court granted, ECF No. 16.

On October 20, 2026, the parties filed their joint letter motion asserting complete diversity exists. ECF No. 18.

## II. SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction." *Rosenbrock v. Deutsche Lufthansa, A.G., Inc.*, No. 6:16-CV-0003, 2016 WL 2756589, at *3 (S.D. Tex. May 9, 2016), *adopted sub nom. Rosenbrock v. Deutsche Lufthansa, AG, Inc.*, No. CV V-16-0003, 2016 WL 11088850 (S.D. Tex. June 21, 2016) (quoting *Gunn v. Minton,*

---

[3] Because Plaintiffs did not timely move to remand, any issues with the timing of Union Pacific's removal are waived. *See Fuchs v. Amazon Web Services, Inc.*, No. CV H-23-2031, 2023 WL 5435873, at *2 (S.D. Tex. Aug. 23, 2023).

133 S.Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994)); citing *Hotze v. Burwell,* 784 F.3d 984, 999 (5th Cir. 2015); *Scarlott v. Nissan N. Am., Inc.,* 771 F.3d 883, 887 (5th Cir. 2014)). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (quoting *Gunn,* 133 S.Ct. at 1064 (quoting *Kokkonen,* 511 U.S. at 377)).

"As a general matter, defendants may remove to federal court those state court civil actions over which the federal courts would have original jurisdiction." *Id.* (citing 28 U.S.C. § 1441(a); *Barker v. Hercules Offshore, Inc*., 713 F.3d 208, 228 (5th Cir. 2013)). "Two principal categories of cases over which district courts have original jurisdiction, and thus removal jurisdiction, are: (1) cases where there is complete diversity of citizenship among the parties (diversity cases); and (2) cases 'arising under the Constitution, laws, or treaties of the United States' (federal question cases)." *Id.* (citing 28 U.S.C. §§ 1331, 1332; *Omutiti v. Macy's Dep't Store,* No. H–15–2167, 2015 WL 5311063, at *3 (S.D. Tex. Sept. 11, 2015)).

## III. THE COURT HAS DIVERSITY JURISDICTION.

"A district court has diversity jurisdiction over 'civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different States.'" *Id.* at *4 (citing 28 U.S.C. § 1332(a)(1)). "The diversity statute has long been interpreted to mandate a rule of 'complete diversity,'

meaning that it 'applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" *Id.* (quoting *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996) (citing *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267 (1806)); citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005)). "In addition, the federal removal statute bars removal solely on the basis of diversity if 'any of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought.'" *Id.* (quoting 28 U.S.C. § 1441(b)(2); citing *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 90 (2005); *Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 281 (5th Cir. 2007)).

"In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Id.* (quoting *Coury,* 85 F.3d at 249; citing *Spear Mktg., Inc. v. BancorpSouth Bank,* 791 F.3d 586, 592 (5th Cir. 2015) ("Jurisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that properly established jurisdiction." (internal quotation marks and brackets omitted) (quoting *Louisiana v. Am. Nat. Prop. Cas. Co.,* 746 F.3d 633, 636 (5th Cir. 2014)))).

Here, at the time of filing and at the time of removal, the parties did not have complete diversity of citizenship and the Lujans were forum-state defendants. Plaintiffs are citizens of Texas and Colorado, the Lujans are citizens of Texas, and Union Pacific is a citizen of Utah and Nebraska. *See Strain v. CitiMortgage, Inc.*,

No. CV H-18-4443, 2019 WL 3068607, at *1 (S.D. Tex. June 7, 2019), *adopted*, No. CV H-18-4443, 2019 WL 3067283 (S.D. Tex. July 11, 2019) (citing *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 448 (5th Cir. 2003)).

Union Pacific asks the Court to disregard the citizenship of the Lujans because they were improperly joined. ECF Nos. 1, 18. Plaintiffs dispute that the Lujans were improperly joined, but agrees the Court has jurisdiction over this case. ECF No. 18 at 2.

"A non-diverse defendant may be found to be improperly joined if either (1) there is 'actual fraud in the [plaintiff's] pleading of jurisdictional facts' or (2) the removing defendant demonstrates that the plaintiff cannot establish a cause of action against the non-diverse defendant." *Rosenbrock*, 2016 WL 2756589, at *8 (quoting *Mumfrey v. CVS Pharm. Inc.,* 719 F.3d 392, 401 (5th Cir. 2013); *Kling Realty Co., Inc. v. Chevron USA, Inc.,* 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007))). "Where it finds that a defendant has been improperly joined, a court 'may disregard the citizenship of that defendant' for diversity purposes." Id. (quoting *Flagg v. Stryker Corp.,* No. 14–31169, 819 F.3d 132, n.5 (5th Cir. Mar. 24, 2016) (*en banc*)).

Union Pacific does not allege that Plaintiffs' pleadings contained actual fraud, so only the second prong of the improper joinder test is at issue here. See ECF Nos. 1, 18. "The question under that second prong 'is whether the defendant has

demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.'" *Rosenbrock*, 2016 WL 2756589, at *9 (quoting *Kling Realty,* 575 F.3d at 513 (quoting *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)); citing *Mumfrey,* 719 F.3d at 401; *Garcia v. Bank of Am., N.A.,* No. H–14–3293, 2015 WL 403151, at *2 (S.D. Tex. Jan. 28, 2015)). The court "do[es] not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look[s] only for a possibility that the plaintiff might do so." *Id.* (quoting *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 309 (5th Cir. 2005)). "If there is 'a reasonable basis of recovery on one cause of action, the court must remand the entire suit to state court.'" *Id.* (quoting *Edwea, Inc. v. Allstate Ins. Co.,* No. H–102970, 2010 WL 5099607, at *2 (S.D. Tex. Dec. 8, 2010)).

The Fifth Circuit "set out two avenues for determining whether there is a reasonable basis to predict that a plaintiff might recover against a defendant under state law." *Id.* (citing *Mumfrey,* 719 F.3d at 401 (summarizing the procedure set out in *Smallwood*)). "[A] court *may* choose to use either one of these two analyses, but it *must* use one and only one of them, not neither or both." *Id.* (quoting *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* No. 14–20552, 818 F.3d 193, 207 (5th Cir. Mar. 31, 2016) (emphasis in original)).

Under the first test, the court may conduct "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* (quoting *Smallwood,* 385 F.3d at 573). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* (quoting *Smallwood,* 385 F.3d at 573).

Applying the alternative method, where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* (quoting *Smallwood,* 385 F.3d at 573). This "inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant." *Id.* (quoting *Smallwood,* 385 F.3d at 573–74).

In conducting this summary inquiry, a court "may consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* (citing *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003) ("Any contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor.")). Thus, "although th[is] type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to

apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *Id.* (quoting *McKee v. Kansas City S. Ry. Co.,* 358 F.3d 329, 334 (5th Cir. 2004)). Courts "must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Id.* (quoting *McKee,* 358 F.3d at 334; *Travis,* 326 F.3d at 649 (court must consider evidence "in the context of the entire record [and] the status of discovery")).

"A defendant asserting improper joinder must 'put forward evidence that would negate a possibility of liability on the part' of the non-diverse defendant." *Id.* (quoting *McKee,* 358 F.3d at 333–34 (internal quotation marks omitted)). "[S]imply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient" to meet that burden. *Id.* (quoting *Travis,* 326 F.3d at 650–51 & n.3 (distinguishing motions for summary judgment, where "a plaintiff's lack of evidence in support of her claims, after a sufficient period of discovery, could have a different effect")). "However, where a defendant puts forward sufficient evidence, and nothing in the record contradicts it, the court may find improper joinder." *Id.* (citing *Guillory,* 434 F.3d at 313 (self-serving testimony of non-diverse defendant supported finding of improper joinder because plaintiffs failed to provide contradictory evidence)).

As stated above, Plaintiffs sued the Lujans for premises liability, negligence, and gross negligence, alleging that the Lujans owned the property Decedent was killed on and failed to properly maintain their premises. But as both the Lujans' and

Plaintiffs' summary judgment evidence demonstrated, the Lujans did not own the property where Decedent was killed, and therefore, the Lujans did not owe a duty to Decedent. As a result, Plaintiffs' claims against the Lujans do not survive a Rule 12(b)(6) analysis. *See Petri v. Kestrel Oil & Gas Properties, L.P.*, 878 F. Supp. 2d 744, 754 (S.D. Tex. 2012)("Shell cannot be liable for the condition or operation of the platform unless it owned, occupied, possessed or controlled the platform at the time of Torres' death.") (citing *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002)); *Avery v. Alexander*, No. 09-08-00078-CV, 2008 WL 6740797, at *3 (Tex. App.—Beaumont Aug. 27, 2009, pet. denied)*; Hirabayashi v. N. Main Bar-B-Q, Inc.*, 977 S.W.2d 704, 707 (Tex. App.—Fort Worth 1998, pet. denied) ("[T]here is no duty to prevent accidents on adjacent property that a person neither owns nor occupies."). Accordingly, the Lujans were improperly joined and their citizenship should be disregarded.

Disregarding the Lujans' citizenship, the Court has complete diversity as Plaintiffs are citizens of Colorado and Texas and Union Pacific is a citizen of Utah and Nebraska. The Court may exercise diversity jurisdiction over this matter. *See* 28 U.S.C. § 1332.

## IV. CONCLUSION

The Court **GRANTS** the parties' joint letter motion. ECF No. 18.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on October 26, 2026.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**